MHN

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5686 | **DATE** | 7/28/10 |
| **CASE TITLE** | KESHA M. R. LEACH v. ADVOCATE HEALTH & HOSPITALS CORP., et al. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Defendants' motion for summary judgment [52]. The case is closed. All pending dates and motions are terminated as moot.

■[ For further details see text below.]     Docketing to mail notice.

## STATEMENT

Plaintiff Kesha Leach filed this lawsuit against her former employer alleging discrimination on the basis of race under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and on the basis of a disability under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111, *et seq.* She also claims Defendants retaliated against her in violation of those laws. Defendants now move for summary judgment.

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a matter of law should be granted in their favor. *Id.* Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Finally, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

Pursuant to Local Rule 56.2, Defendants provided Leach with a form "Notice to Pro Se Litigants Opposing Summary Judgment," warning her that if she failed to respond to Defendants' motion and the facts stated therein, the Court would "be forced to assume that [she did] not dispute the facts which [she had] not responded to." Nonetheless, Leach provided no response to the motion. Thus, the Court deems all of the facts submitted by Defendants and supported by the record as admitted by Leach. L.R. 56.1(a); *Malec v. Sanford*,

191 F.R.D. 581, 584 (N.D. Ill. 2000).

Generally, a plaintiff may prove discrimination by either the direct or the indirect method of proof. *Timmons v. Gen. Motors Corp.*, 469 F.3d 1122, 1126-27 (7th Cir. 2006) (ADA); *Little v. Ill. Dept. of Revenue*, 369 F.3d 1007, 1011 (7th Cir. 2004) (Title VII); *see also McGowan v. Deere & Co.*, 581 F.3d 575, 579 (7th Cir. 2009) (holding that methods of proof for Title VII and Section 1981 claims are "essentially identical"). However, Leach has not submitted any evidence to suggest that her employer's motives were discriminatory and in her complaint she simply states that she feels she was treated unfairly. Thus, the Court finds that she cannot proceed under a direct method of proof and will analyze her claims under the less onerous indirect method.

Under the indirect method, Leach must first set forth a *prima facie* claim of discrimination, including a showing that she was meeting her employer's legitimate expectations. *Burks v. Wis. Dept. of Transp.*, 464 F.3d 744, 750 (7th Cir. 2006). In this case, Leach admits that she was properly disciplined in accordance with her employer's policies regarding tardiness, unexcused absences, and mislabeling laboratory specimens. Under that scheme of discipline, she was eligible for termination. Thus, she was not meeting her employer's expectations and she cannot set forth a *prima facie* case of discrimination. The Court therefore grants Defendants' motion for summary judgment on her claims of discrimination.

Leach's claims of retaliation fail on a threshold issue before the Court even needs to consider the question of her job performance. In order to show retaliation, Leach must show that she engaged in statutorily protected activity. *Kodl v. Bd. of Educ. Sch. Dist. 45, Villa Park*, 490 F.3d 558, 562 (7th Cir. 2007). However, Leach admits that the only grievance she made prior to her termination was a vague complaint that she felt was being treated unfairly without any reference to race or disability. "Merely complaining in general terms..., without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Id.* at 563 (internal quotation omitted). While Leach did file a complaint with the Equal Employment Opportunity Commission, she did so after her termination. Thus, that complaint could not have provided a basis for retaliation. For these reasons, the Court grants Defendants' motion for summary judgment on Leach's retaliation claims as well.

Wm. J. Hibbler